UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-5273(DSD/JSM)

Summit Recovery, LLC,

    Plaintiff,

v.  **ORDER**

Credit Card Reseller, LLC and
Bobbie-Jo Diebold,

    Defendant and Third
    Party Plaintiffs,

v.

Security Credit Services, LLC,

    Defendant and Third
    Party Plaintiff,

v.

Restaurant eFund, LLC,

    Third Party Defendant.

This matter is before the court upon defendants Credit Card Reseller, LLC ("CCR") and Bobbie Jo Diebold's ("Diebold") motion for attorneys' fees. Based on a review of the file, record, and the proceedings herein, the court grants the motion in part.

**BACKGROUND**

This attorneys' fees dispute arises out of the court's entry of summary judgment in favor of CCR, Diebold and third-party defendant Security Credit Services, LLC ("SCS"). In the underlying action, plaintiff Summit Recovery, LLC ("Summit") sued CCR and

Diebold for fraudulent and negligent misrepresentation, breach of contract, and unlawful and deceptive trade practices based on CCR and Diebold's incorrect representation that a consumer-debt portfolio ("Portfolio") had never been outsourced to a collection agency.  CCR and Diebold sought indemnification from the seller, SCS, which sought indemnification from the original seller, Restaurant eFund, LLC.  The court entered default judgment against Restaurant eFund, LLC on October 30, 2009, and granted summary judgment in favor of CCR, Diebold and SCS on April 9, 2010.

The account purchase agreement between CCR and Summit (the "Summit Contract") is nearly identical to the account purchase agreement between CCR and SCS (the "SCS Contract").  Each contains a fee-shifting provision, which states: "In the event of litigation under this Agreement, the prevailing party shall be entitled to an award of attorneys, [sic], fees and costs."  (Berger Decl. Ex. C at § 17.10, Ex. M at § 17.10.)  The contracts also contain an indemnification provision:

> Section 9.2 Seller's Indemnification of Buyer. From and after the date of this Agreement, Seller shall indemnify and hold harmless Buyer against and from any and all losses or damages Buyer may suffer as a result of, any claim, demand, cost, expense, or judgment of any type, kind, character or nature (including reasonable attorneys' fees), which Buyer shall incur or suffer as a result of: (a) any act or omission of Seller or Seller's agents in connection with the Accounts and its purchase of the Accounts pursuant to the Agreement; or (b) the material inaccuracy or breach of any of Seller's representations, warranties or

> covenants therein; or (c) any claim by any
> Obligor or anyone claiming by, through or
> under any Obligor or other person liable on
> any Account regarding the assignment,
> subsequent enforcement, servicing, or
> administration of the Accounts by Seller. This
> indemnification shall survive the execution
> and delivery of the Transfer Documents.

(See id. Ex. C at § 9.2.)

On May 10, 2010, CCR and Diebold filed the instant motion, seeking attorneys' fees based on the fee-shifting provision of the Summit Contract and the fee-shifting and indemnification provisions of the SCS Contract. On July 1, 2010, Summit's counsel informed the court by letter that Summit had instructed him not to respond to the motion or appear for argument. On July 2, 2010, CCR, Diebold and SCS appeared through counsel. The court now considers CCR and Diebold's motion.

**DISCUSSION**

CCR and Diebold first seek attorneys' fees from Summit. In Minnesota, "attorney fees are not recoverable in litigation unless there is a specific contract permitting or a statute authorizing such recovery." Barr/Nelson, Inc. v. Tonto's, Inc., 336 N.W.2d 46, 53 (Minn. 1983). "The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered." Borchert v. Maloney, 581 N.W.2d 838, 840 (Minn. 1998). CCR and Diebold argue that they are entitled to attorneys' fees based on § 17.10 of the Summit Contract because they prevailed at

3

summary judgment.  The court agrees.  (See Berger Decl. Ex. M at § 17.10.)  The April 9, 2010, order of the court rendered a decision and entered judgment in favor of CCR and Diebold on all of Summit's claims.  Therefore, CCR and Diebold are entitled to an award of attorneys' fees from Summit.

CCR and Diebold also seek attorneys' fees and indemnification from SCS.  The SCS Contract contains the same fee-shifting provision as the contract between CCR and Summit, but is governed by Mississippi law.  (See id. Ex. C at § 17.10.) In Mississippi, "parties may by contract provide that in event of dispute, the losing party must pay the winner attorney's fees." Theobald v. Nosser, 752 So. 2d 1036, 1042 (Miss. 1999).  CCR and Diebold argue that their contract with SCS entitles them to attorneys' fees because they prevailed against Summit.  SCS responds that the court also granted summary judgment against Summit in SCS' favor, and argues that CCR and Diebold did not prevail against SCS.  SCS is correct.  Indeed, CCR and Diebold did not prevail over Summit without the assistance of SCS.  Therefore, the fee-shifting provision of the SCS Contract does not entitle CCR and Diebold to attorneys' fees.

CCR and Diebold next argue that they are entitled to indemnification by SCS for fees and costs to defend against Summit's claims.  Section 9.2 of the SCS Contract provides, in relevant part, that "[SCS] shall indemnify ... [CCR and Diebold]

4

against ... losses or damages ... as a result of, any claim, demand, cost, expense, or judgment of any type, kind, character or nature (including reasonable attorneys' fees) ... as a result of ... (b) the material inaccuracy or breach of any of Seller's representations, warranties or covenants therein." SCS argues that the indemnity clause does not apply because the court did not find that CCR, Diebold or SCS made any misrepresentations or failed to disclose any information.

In its April 9, 2010, order, the court held that, "CCR made its statements [about the collection status of the Portfolio] based on the seller survey of SCS, which indicated that the accounts had not been outsourced." (Order [Doc. No. 84] 8.) The accounts had, in fact, been outsourced. (See id. at 5, 12; Berger Decl. Ex. K.) Unlike Summit's claim of fraudulent misrepresentation, which required an element of knowledge, the indemnity clause of the SCS Contract only requires "material inaccuracy." Although the record lacked facts showing knowledge, the record demonstrates that the information provided to CCR and Diebold by SCS was inaccurate: the accounts had been outsourced. Moreover, the information was material: the collection status of the Portfolio is directly linked to its value. Therefore, SCS is liable to CCR and Diebold for indemnity for its costs and fees as a result of Summit's claims.

5

## CONCLUSION

Based on the above, Summit and SCS are jointly and severally liable to CCR and Diebold for reasonable fees and costs associated with Summit's claims. As noted at the July 2, 2010, hearing, SCS has not had an opportunity to challenge the reasonableness of CCR and Diebold's request for $71,041.57. Therefore, the court will not determine the amount of judgment until SCS has evaluated CCR and Diebold's proposed fees and costs. Accordingly, **IT IS HEREBY ORDERED** that:

1. CCR and Diebold's motion for attorneys' fees [Doc. No. 86] is granted in part;

2. Summit and SCS are jointly and severally liable to CCR and Diebold for reasonable fees and costs associated with Summit's claims;

3. By July 15, 2010, CCR and Diebold shall provide SCS the itemization of its fees and costs that it provided to the court for *in camera* review;

4. SCS shall file objections, if any, to the reasonableness of CCR and Diebold's fees and costs by 5:00 p.m. on July 29, 2010.

Dated: July 9, 2010

                                                s/David S. Doty  
                                                David S. Doty, Judge  
                                                United States District Court