```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                Civil No. 08-5273(DSD/JSM)
```

Summit Recovery, LLC,

       Plaintiff,

v.                                      **ORDER**

Credit Card Reseller, LLC and
Bobbie-Jo Diebold,

       Defendant and Third
       Party Plaintiffs,

v.

Security Credit Services, LLC,

       Defendant and Third
       Party Plaintiff,

v.

Restaurant eFund, LLC,

       Third Party Defendant.

---

This matter is before the court upon the request of Security Credit Services, LLC (SCS), dated November 2, 2010, for judgment be set out in a separate document.

On July 9, 2010, the court awarded attorneys' fees and allowed SCS to review the billing papers before the court approved a reasonable amount in fees. See ECF No. 96. Thereafter, on July 30, 2010, SCS submitted its view of the reasonableness of the fees and requested leave to move for reconsideration of the July 9, 2010, order under Local Rule 7.1(h). On August 30, 2010, the court approved costs and attorneys' fees in the amount of $71,041.57,

less charges for computerized legal research,[1] and denied the request for reconsideration. See ECF No. 100.

Rule 58(a) of the Federal Rules of Civil Procedure requires judgment to be set out in a separate document unless an exception applies. Motions for attorneys' fees are one such exception. See Fed. R. Civ. P. 58(a)(3). The July 9 and August 30, 2010, orders dispose of a motion for attorneys' fees. See ECF Nos. 96, 100. As a result, no separate document is required in this case. Moreover, "judgment is entered ... if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a)." Fed. R. Civ. P. 58(c)(1).[2] Therefore, the court denies the request as moot.

Dated: November 12, 2010

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court

---

[1] To the extent that the request of SCS implies that the parties cannot determine a final number, the court finds that the order was clear, and expects that the parties can subtract discrete computerized legal research from the total.

[2] Even if a separate document were required, but not issued, the time of entry of judgment would be after "150 days have run from the Rule 79(a) entry of judgment." Fed. R. Civ. P. 58(c)(2)(B).